UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VARGAS ORDONEZ, | § § | CIVIL ACTION NUMBER 4:25-cv-06386 |
| Petitioner, | § § § | |
| versus | § § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| MARTIN FRINK, *et al*, | § | |
| Respondents. | § | |

**OPINION AND ORDER ON DISMISSAL**

Petitioner Martin Vargas Ordonez is a citizen of Mexico who entered the United States without inspection on January 1, 1991. Dkt 1 at ¶¶9, 10. Since that time, Petitioner has continuously resided in the United States. Id at ¶11. He is married and has three children, one of whom is a United States citizen. Ibid. He has no criminal history. Id at ¶13.

On November 14, 2025, Petitioner was detained by ICE following a traffic stop. Id at ¶12. He's currently in custody at the Houston Contract Detention Facility in Houston, Texas. Ibid.

On December 30, 2025, Petitioner had a bond hearing before an immigration court, who concluded it lacked jurisdiction to hold the bond hearing under *Matter of Hurtado*, 29 I&N Decision 216 (BIA 2025). Id at ¶14; see Dkt 1-1 at 11 (order of IJ). Petitioner is scheduled for further hearing with an immigration judge on January 22, 2026. See Dkt 6 at 2 (response by Government). Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus* and motion for temporary restraining order, by which Petitioner challenges his detention without a bond hearing. Dkt 1. He asserts that he's entitled to such hearing under 8 USC §1226(a), which provides for discretionary detention during removal proceedings. See id at ¶¶20–23.

In its response to the petition, the Government maintains that no bond hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Dkt 6 at 3.

As noted in prior order, this action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Maceda Jimenez v Thompson*, 2025 WL 3265493 (SD Tex); see also *Montelongo Zuniga v Lyons*, 2025 WL 3755126 (ND Tex) (Hendrix, J). Petitioner was given opportunity to reply with distinguishing facts or grounds for reconsideration of that decision. See Dkt 4 at 2. He hasn't done so.

The construction given 8 USC §§1225 and 1226 in those cases thus controls here and forecloses Petitioner's claim for violation of the INA. Such construction also forecloses his Fourth Amendment claim, as it relies on assertion of the Government's lack of authority to detain him under §1225. See Dkt 1 at ¶¶16–19.

The due process claim also fails. On this point, Petitioner maintains that the "Fifth Circuit recognizes that prolonged detention without a hearing raises serious due-process concerns." But the case cited, *Hernandez v Gonzales*, is neither a Fifth Circuit case nor supportive of that proposition. See 424 F3d 42 (1st Cir 2005). Regardless, as observed by the Supreme Court, "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the

limited period necessary for their removal proceedings." Id at 526.

As such, the petition for writ of *habeas corpus* will be denied. Dkt 1.

\* \* \*

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that the Fifth Circuit has granted a motion to consider this issue on an expedited basis. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J), Dkt 80-2 at 2; see also *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division), Dkt 83-2 at 2.

\* \* \*

The petition for a writ of *habeas corpus* is DENIED. Dkt 1.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on January 20, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge